## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| GILBERT HERNANDEZ, | CIVIL ACTION |
|    Plaintiff, | |
| v. | COMPLAINT 5:21-cv-00182 |
| DIVERSIFIED RECOVERY BUREAU, LLC, | |
|    Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Gilbert Hernandez ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, Diversified Recovery Bureau, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant conducts business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

1

**PARTIES**

4.  Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Western District of Texas.

5.  Defendant is a third-party debt collection agency headquartered at 40 Gardenville Parkway, Suite 201, West Seneca, New York 14224. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

**FACTS SUPPORTING CAUSE OF ACTION**

6.  On or around September 20, 2017, Plaintiff obtained a personal loan from CashNetUSA ("subject debt").

7.  Subsequently, Plaintiff could not keep up with payments on the account and defaulted on the subject debt.

8.  Thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

9.  On February 8, 2021 Defendant began placing calls to Plaintiff's cellular phone number, (210) XXX-8703.

10. Plaintiff answered a call from Defendant on February 8, 2021 to ascertain why they were contacting him. During this conversation, Defendant informed Plaintiff it was attempting to collect on the subject debt. Defendant's representative stated that the amount of the subject debt was "around $1,000."

11. Plaintiff contacted Defendant on February 9, 2021 because he had additional questions regarding the subject debt.

12. In this conversation, a different representative named Michael Burris ("Michael") informed Plaintiff that the amount of the subject debt was $1,753.29.

13. Plaintiff was perplexed because the previous representative had stated that the amount of the subject debt was "around $1,000."

14. Plaintiff asked if Defendant would be willing to settle the subject debt, and Michael offered a settlement amount of $1,402.59.

15. Plaintiff then informed Defendant that he wanted the calls to stop and that he would reach out once he got his finances in order.

16. Michael told Plaintiff that it was Defendant's job to call him and that he would have to mark Plaintiff as "refusal to pay" if Plaintiff wanted the calls to stop.

17. Plaintiff stated that he was not refusing to pay but that he wanted the calls to stop while he figured out his finances.

18. Defendant instead used these false and misleading threats to coerce Plaintiff into agreeing to a payment plan immediately.

19. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears, and Defendant continued to place numerous calls to Plaintiff.

20. Defendant has called Plaintiff from multiple phone numbers, including (210) 714-3884 and (888) 612-3634, but upon information and belief, it has contacted Plaintiff using other phone numbers.

DAMAGES

21. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

23. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, embarrassment, disruption of work, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

29. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

30. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

32. Defendant violated 15 U.S.C. §§1692d, d(5), e, e(5), e(10), and f through its unlawful debt collection practices.

### a.  Violations of  FDCPA § 1692d

33. Defendant violated § 1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued its harassment campaign even after Plaintiff demanded that the calls cease.

34. Defendant violated § 1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone from February 2021 through the present day.

### b.  Violations of FDCPA § 1692e

35. Defendant violated §§ 1692e, e(5), and e(10) by using false, deceptive, and misleading representation in connection to collection of the alleged subject debt. Defendant's representatives misled Plaintiff by giving him conflicting information regarding the amount of the subject debt. Furthermore, Defendant's representative Michael told Plaintiff that the only way to make the collection calls cease was to mark him as "refusal to pay" in the system, despite Plaintiff making it clear that he intended to pay the subject debt once his finances were in order. This deceptive statement was made in an attempt to coerce Plaintiff into making immediate payment on the subject debt in order to avoid future harassing phone calls.

### c.  Violations of FDCPA § 1692f

36. Defendant violated §1692f by using unfair and unconscionable means to collect the subject debt from Plaintiff. Specifically, Defendant unfairly and unconscionably led Plaintiff to believe that in order to cease Defendant's collection calls, it must mark his account has a "refusal to pay" despite Plaintiff intending to make a payment on the subject debt.

37. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

38. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

**WHEREFORE**, Plaintiff GILBERT HERNANDEZ respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a. Violations of TDCA § 391.302

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it called Plaintiff repeatedly despite his request that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

**WHEREFORE**, Plaintiff GILBERT HERNANDEZ requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

    f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 25, 2021                    Respectfully Submitted,

                                               /s/ Alexander J. Taylor
                                               /s/ Marwan R. Daher
                                                 /s/ Omar T. Sulaiman
                                               Alexander J. Taylor, Esq.
                                               Marwan R. Daher, Esq.
                                               Omar T. Sulaiman, Esq.
                                               *Counsel for Plaintiff*
                                               Sulaiman Law Group, Ltd
                                               2500 S Highland Ave, Suite 200
                                               Lombard, IL 60148
                                               Telephone: (630) 575-8181
                                               ataylor@sulaimanlaw.com
                                               mdaher@sulaimanlaw.com
                                               osulaiman@sulaimanlaw.com